# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONATHAN FRANCISCO,** : | |
|     **Plaintiff,** : | |
| : | |
|     **v.** : | No. 25-cv-0464 |
| : | |
| **DELANEY J. HERTZOG and CHRISTINA** : | |
| **M. PARSONS,** : | |
|     **Defendants.** : | |

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                          **March 20, 2025**
**United States District Judge**

Plaintiff Jonathan Francisco, an unrepresented litigant, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 asserting violations of his constitutional rights arising from state court child custody and support proceedings concerning his daughter, P.F. Currently before the Court is Francisco's Complaint,[1] ("Compl." (ECF No. 2), in which he asserts claims against Delaney J. Hertzog and Judge Christina M. Parsons.[2] For the following reasons, Francisco's claims against Hertzog and Parsons will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Exhibits to the Complaint refer to the minor child by her full name. Federal Rule of Civil Procedure 5.2 prohibits litigants from submitting documents that contain personal information, including, *inter alia*, the names of persons under the age of 18, who are to be identified by initials only. The Clerk of Court will be directed to mark the Complaint as case participant view only.

[2] Also pending is Francisco's Motion for Reconsideration of the Court's Order denying his Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 5.) In light of the court's disposition of Francisco's Complaint, the motion will be denied as moot.

I.      **FACTUAL ALLEGATIONS**[3]

Francisco alleges that he is the biological father of the minor child P.F. and that Defendant Hertzog is P.F.'s mother. (Compl. at 1.) Defendant Parsons is the state court judge presiding over custody and child support proceedings related to P.F. (*Id.*) Francisco alleges that on January 11, 2024, Hertzog denied him access to P.F. and conditioned his continued visitation with her upon payment of child support. (*Id.* at 2.) He alleges that he has been denied in-person contact with P.F. since February 26, 2024, and has been denied telephone access to her since September 6, 2024. (*Id.*) He alleges that on June 3, 2024, he filed a police report in response to Hertzog's actions, and on June 27, 2024, established the "Jonathan Francisco Revocable Living Trust," "expressing legal and equitable claims for assets/property and parental rights." (*Id.* at 3.)

On July 29, 2024, Parsons allegedly imposed sanctions upon Francisco. (*Id.* at 2.) A copy of a July 29, 2024 Order signed by Parsons is attached to the Complaint as Exhibit B-1. (*See* ECF No. 2-1 at 8.) The Order grants sole legal and physical custody of P.F. to Hertzog upon the recommendation of a Custody Conference Officer following a conference attended by Francisco, Hertzog, and Hertzog's counsel. (*Id.*) The Order further directs Francisco to file an Affidavit of Criminal History with the Lancaster County Prothonotary and conditions court-

---

[3]     The factual allegations set forth in this Memorandum are taken from Francisco's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Francisco's pleadings will be corrected for clarity. Additionally, the Court includes facts reflected in publicly available dockets, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

ordered contact with P.F. upon his completion of this task.[4] (*Id.*) The Order also schedules a follow-up conference.[5] (*Id.* at 9.)

Francisco asserts violations of his Fourteenth Amendment rights to due process and equal protection and his Fifth Amendment right against self-incrimination. (Compl. at 4, 2.) He also claims that Judge Parsons lacked jurisdiction over him because her actions were influenced by 42 U.S.C. § 658a, which he claims rewards states for aggressive child support enforcement.[6] (*Id.* at 2.)[7] Francisco seeks a declaration that the Defendants violated his constitutional and federally

---

[4] The publicly available docket in *Commonwealth v. Francisco*, No. CP-36-CR-2930-2019 (C.P. Lancaster) reflects that on July 21, 2020, Francisco pled guilty to three counts of driving under the influence, and one count each of operating an unregistered vehicle, and operating a vehicle with no rear lights. (*Id.*)

[5] In response to the Order, Francisco alleges he filed a Praecipe to Vacate Order and an Order to Show Cause objecting to the Order. (Compl. at 3.) A copy of a document titled "Praecipe to Vacate Void Order and Recuse Order to Show Cause" is attached to the Complaint as Exhibit C-1. (*See* ECF No. 2-1 at 20-24.) Also attached to the Complaint as Exhibit C-2 is Judge Parsons's Order denying Francisco's request to vacate the July 29, 2024 Order and his request that she recuse herself from the case. (*See id.* at 25.) Francisco alleges he next filed a request for preliminary injunctive relief which was also denied. (Compl. at 3.) A copy of a document titled "Petition for Injunction" is attached to the Complaint as Exhibit C-4, as is the Order denying the Petition. (*See* ECF No. 2-1 at 26-31.) A copy of a document titled Motion to Reconsider Petition for Injunction with a Certificate of Service stating that it was served on December 29, 2024 is also attached to the Complaint. (*See* ECF No. 2-1 at 38-42.) Also attached to the Complaint is a copy of an Order dated December 6, 2024 continuing a custody hearing in P.F.'s case until February 26, 2025. (*Id.* at 15.)

[6] 42 U.S.C. § 651 authorizes appropriations in part "[f]or the purpose of enforcing the support obligations owed by noncustodial parents to their children and the spouse (or former spouse) with whom such children are living." *Id.* In this regard, section 658a provides incentive payments to states based in part on the state's performance levels in the following areas: paternity establishment, support orders, current payments, arrearage payments, and cost-effectiveness. 42 U.S.C. § 658a(b)(4). Notably, payments are made to the state, not to individual judges. *See id.*

[7] Francisco also asserts claims based on violation of 18 U.S.C. §§ 241 and 242. (*Id.* at 1, 4.) Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous")), *aff'd*, 740 F. App'x 239, 240 (3d Cir. 2018) (*per curiam*); *Brown v. Progressive Specialty Ins. Co.*, 763

protected rights,[8] an Order staying all lower court proceedings, an injunction restoring his access to his minor child, and money damages. (*Id*. at 5.)

## II.   STANDARD OF REVIEW

Until recently, this Court would have been precluded from addressing a plaintiff's pleadings unless and until the plaintiff either paid the filing fee or was granted leave to proceed *in forma pauperis*. *See, e.g.*, *Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (*per curiam*) (explaining that district court erred in addressing complaint

---

F. App'x 146, 147 (3d Cir. 2019) (*per curiam*) ("Brown's mere citation to various constitutional provisions cannot transform his state law claims into causes of action 'arising under' the Constitution."). Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action for the injured person. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979); *Cannon v. University of Chicago*, 441 U.S. 677, 689 (1979). Francisco specifically cites 18 U.S.C. §§ 241 and 242. These sections establish criminal liability for certain deprivations of civil rights and conspiracy to deprive civil rights. *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992); *see United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242). However, a plaintiff cannot bring criminal charges against defendants through a private lawsuit, and these sections do not give rise to a civil cause of action. *U.S. ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975). For these reasons, as well as those that follow, Francisco's claims must be dismissed.

[8]   Declaratory relief is unavailable to adjudicate past conduct, so Francisco's request for this relief is improper. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). *See also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

before IFP was granted, because the "complaint was not yet subject to dismissal"); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis*). However, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*), the United States Court of Appeals for the Third Circuit announced a "flexible approach" that permits the screening of complaints filed by *pro se* litigants pursuant 28 U.S.C. § 1915, even if no fee has been paid and no request to proceed *in forma pauperis* has been filed. *Id.* ("we hold that a court has the authority to dismiss a case "'at any time,'" 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously.") This process, the *Brown* court noted, "permits courts to move early to screen complaints in order to conserve judicial resources and 'the resources of defendants forced to respond to baseless lawsuits.'" *Id.* (quoting *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012)). Pursuant to *Brown*, the Court will screen Francisco's Complaint at this time without resolving his motion to proceed *in forma pauperis*.

Section 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,'

5

'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (abrogation on other grounds recognized by *Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Francisco is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

### A. Claims Against Hertzog

Francisco asserts claims against Hertzog, who he alleges denied him access to their minor child. However, the factual allegations in the Complaint do not plausibly assert that Hertzog is a state actor amenable to suit under § 1983. Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Francisco does not allege that Hertzog exercised powers that are traditionally the exclusive power of the state, that she acted with the help of or in concert with state officials, or that the state has so far insinuated itself into a position of interdependence with Hertzog that her actions must be recognized as joint participation in the continued denial of Francisco's requests for visitation with his minor child. Rather, the allegations describing her conduct relate solely to her involvement in custody proceedings in her capacity as a parent. In these circumstances, Hertzog is a private individual and not a state actor subject to liability under § 1983. *See Humphrey v. Pennsylvania Ct. of Common Pleas of Philadelphia*, 462 F. Supp. 3d 532, 536 (E.D. Pa. 2020) (dismissing § 1983 claims against mother who gained custody of child in lawsuit

7

brought by father); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 667-68 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (dismissing § 1983 claims against wife and her attorneys "because they were not state actors"). Merely resorting to the courts and being on the winning side of a lawsuit, like the custody dispute described by Francisco, does not make one a state actor for purposes of § 1983. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Accordingly, all claims against Hertzog must also be dismissed with prejudice.

      **B.**     **Clams Against Parsons**

Francisco asserts claims against Judge Parsons based on her conduct in the course of child custody proceedings. These claims are barred by absolute judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis*, 449 U.S. at 27.

Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko*, 443 F.3d at 303-04 (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate"). In the context of judicial defendants, the United States Court of Appeals for the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute." *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017). "However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." *Id.* Here, Francisco does not allege that Judge Parsons violated a declaratory decree or that declarator relief was unavailable. Accordingly, any claim for injunctive relief against Judge Parson is not plausible.

Francisco's claims against Judge Parsons arise from her involvement in state court child custody proceedings. He claims that Parsons violated his constitutional rights when she conditioned visitation with his minor child on his filing of a criminal history. He contends that she had no jurisdiction to do so, and that her actions were prompted by in part by 42 U.S.C. § 658(a), which he claims rewards states for aggressive child support enforcement. However, Judge Parsons presided over the described custody proceedings and had jurisdiction to do so as a Judge of the Court of Common Pleas. Francisco has not alleged any facts that would support a

9

plausible inference that Judge Parsons acted in the absence of all jurisdiction.[9]  *See Lee v. Gallina Mecca*, No. 22-2871, 2023 WL 5814783, at *4 (3d Cir. Sept. 8, 2023) ("But even accepting Lee's allegations as true, judicial acts that appear to be unfair, malicious, or *ex parte* are not stripped of their judicial immunity); *Mikhail*, 991 F. Supp. 2d at 660 (finding judges who presided over protection from abuse, custody, and divorce proceedings were entitled to immunity because plaintiff did not show an absence of jurisdiction and immunity applied despite allegations of bad faith and conspiracy); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is not overcome by allegations of bad faith or malice."); *Stump*, 435 U.S. at 356 ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."); *Dennis*, 449 U.S. at 29 (holding that immunity applies even if a judge conspired with litigants).  Accordingly, Francisco's claims against Judge Parsons must be dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Francisco's Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Francisco will not be granted leave to file an amended complaint because any attempt to amend his claim would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

---

[9]     Without further explanation, Johnson contends that judicial immunity does not protect Judge Parsons because she exceeded her judicial authority by operating in a commercial capacity under the Clearfield Doctrine. (Compl. at 4.)  Pursuant to the Clearfield Doctrine, "'the rights and duties of the United States on commercial paper which it issues are governed by federal rather than local law.'" *Jung v. Pennsylvania*, No. 18-1248, 2018 WL 3717213, at *6 (M.D. Pa. June 27, 2018) (quoting *United States v. Campbell*, No. 14-35, 2017 WL 2936295, at *8 (D.S.C. July 10, 2017)).  As the United States is not a party in this case and this case raises no issued related to commercial paper, the Clearfield Doctrine is inapplicable.

An appropriate Order follows.

                                **BY THE COURT:**

                              */s/ Joseph F. Leeson, Jr.*
                              **JOSEPH F. LEESON, JR.**
                              **United States District Judge**